PER CURIAM:
On May 8,1994, at approximately 2:00 a.m., John E. Moore was driving his vehicle, a 1989 Bronco II on Route 48 in Marion County. While proceeding between 30 and 35 miles per hour, Mr. Moore observed several rocks sliding off the hillside along the road. The rocks came to rest on the road directly ahead on Mr. Moore’s vehicle and the vehicle struck at least one of the rocks. As a result of striking the rocks, the vehicle flipped over onto its top and was damaged beyond repair. Fortunately, Mr. Moore escaped the accident without bodily injury. Mr. Moore seeks an award of $7,075.00 for the loss of the vehicle. This amount is based upon the bluebook value of a 1989 Bronco II at the time of the accident, less his salvage recovery.
*156 Prior to the accident, Mr. Moore had observed rocks on the road, and was aware of a rock slide problem along this section of road. In addition, Cathy Sue Moore, the claimant’s wife, called respondent prior to the accident to complain about the falling rock problem. However, she was unable to remember when she called or with whom she spoke about the problem.
Route 48 is a two lane second priority road. The lanes are nine feet wide and the shoulder area is between 10 and 15 feet wide. Harold Swidler, a transportation crew chief for respondent, was aware of an ongoing rock slide problem at the scene of the accident. However, due to the natural typography of the land there are no feasible solutions to the rock slide problem other than careful monitoring of the slide are to determine when rocks must be removed from the road. Normally the slide area is most active in the spring. The respondent dispatches an employee who monitors the area once each evening during the spring months.
This Court has consistently followed the principle that the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the claimant to prove his claim against the respondent, the evidence must show the respondent had either actual or constructive notice of the problem and has failed to take appropriate corrective action with a reasonable time. Typically, the respondent is not responsible for sudden and unexpected rock falls along its road. See Hammond v. Dept. of Highways, 11 Ct.Cl. 234 (1974); Collins v. Dept. of Highways, 13 Ct.Cl. 22 (1979).
In the instant claim, the claimant contends that some type of remedial action should have been taken to reduce or prevent the risk of rocks falling onto the road. However, the record reveals the respondent has established a system for monitoring the road’s condition. Further, respondent does not have the ability to correct this rock slide problem. The evidence also establishes that the claimant was aware of the nature of this road and the possibility of rocks in the road. Although this condition is unfortunate, it is not an uncommon situation for low priority roads cuts through the mountainous terrain of West Virginia. Considering the many areas in this State where rock slides can occur and the millions of dollars necessary to correct these areas, this Court is not prepared to find the respondent negligent for failing to prevent the risk of a rock slide in the instant claim. Based upon the aforementioned reasons, the Court has determined that the respondent was not negligent in maintaining Route 48 at the time of the accident.
Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.